UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HEATHER ANN EDMUNDS-STRINGHAM
et al,

        Plaintiff,                   Case No. 3:16-CV-00960-YY

      v.                                  FINDINGS AND RECOMMENDATION

GEORGE W. BUSH, et al.,

        Defendants.

YOU, Magistrate Judge:

On May 31, 2016, *pro se* plaintiff Heather Ann Edmunds-Stringham ("Stringham") filed what appeared to be a civil rights action under 42 USC § 1983. Complaint, EFC #1. The court issued an order to show cause because the complaint contained no basis for jurisdiction and no short and plain statement of a claim on which relief might be granted. Stringham filed a first amended complaint on October 6, 2016, but it does not cure these defects. Therefore, this case should be dismissed with prejudice.

## INTRODUCTION

On September 20, 2016, the court ordered Stringham to "file a First Amended Complaint which sets forth a valid basis for the exercise of jurisdiction over this case or face dismissal of her claims" because "the pleadings do not unequivocally reveal a basis for the exercise of this court's limited jurisdiction." Order to Show Cause, ECF #19.

1 – FINDINGS AND RECOMMENDATIONS

In response to the court's order to show cause, Stringham submitted the following documents: 1) a copy of a September 2016 Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, Case No. 16-cv-1864-SI; 2) a copy of a previously submitted document: Plaintiff's Motion to Appoint Counsel, ECF #21; 3) a copy of the court's order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF #10; 4) a copy of a National Criminal File Search cover sheet; 5) a copy of an Order to Dismiss Without Prejudice, Case No. 12010063, in the Circuit Court of the State of Oregon for Linn County; 6) a copy of a Small Claim and Notice of Small Claim coversheet for the Circuit Court of the State of Oregon; 7) a copy of 2015 Oregon State Hospital Physician's Orders; 8) a copy of a 2011 Department of Human Services Referral; 9) a copy of what appears to be a 2008 Judgment Terminating Wardship; 10) an additional copy of the court's order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF #10; 11) a copy of a 2016 Bureau of Labor and Industries ("BLI") complaint and attendant letters; 12) a February 2016 Civil Rights Discrimination Complaint filed with the Department of Health and Human Services; 13) an additional copy of the Order to Dismiss Without Prejudice, Case No. 12010063; 14) a third copy of the court's order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF #10; 15) a copy of a letter from Labor Ready notifying Heather Edmunds that it had requested a criminal background check on her; 16) a copy of New York Correction Law, Article 23-A SS 750; 17) a copy of the Labor Ready criminal background report; and 18) two copies of the court's September 2016 Order to Show Cause, ECF #19.  The initial complaint also included numerous documents submitted in no particular order, including court filings from various state and federal courts, records of various administrative proceedings, and healthcare claims forms.  *See* ECF #1.

2 – FINDINGS AND RECOMMENDATIONS

From a review of the complaint and the documents submitted in response to the court's order to show cause, it appears that Stringham was civilly committed, had her parental rights terminated, and lost property in Mill City, Oregon. She believes she was targeted for civil commitment because she intended to vote for a black president, and believes the civil-commitment system is being used for "human trafficking." ECF #1, at 18. She lists various DHS workers as defendants, further identifying them as "DHS kidnappers." *Id.* at 16. She also names as defendants various people who appear to have been involved in prior state court or bankruptcy court proceedings, the management of a trust fund (possibly benefitting one of her children), the foster care system, health-care providers, as well as banks which may have been involved in financing of the property that she lost while civilly committed. *Id.* at 3–18. Stringham endeavors to describe the injuries and relief she seeks. *Id.* at 19–21. Nonetheless, the court is unable to identify any basis for jurisdiction or any claim on which relief may be granted.

## **FINDINGS**

Courts "construe *pro se* complaints liberally and may only dismiss a *pro se* complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011). "Courts should allow *pro se* plaintiffs to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment." *Huot v. Montana State Dept. of Child and Fam. Services*, 3:16-cv-01767-KI, 2016 WL 4770040, at *1 (D. Or. Sept. 13, 2016) (citing *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011)). Plaintiff was given leave to amend her complaint. ECF #19. However, her deficiencies remain and it is unlikely further amendment will be fruitful.

A. **Jurisdiction**

3 – FINDINGS AND RECOMMENDATIONS

Stringham has not invoked this court's limited jurisdiction. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). "It is to be presumed that a cause lies outside of federal courts' limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). Furthermore, "[t]he existence of federal subject matter jurisdiction must be apparent on the face of the complaint." *Huot*, 2016 WL 4770040, at *2 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475) (holding "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule").

Generally, the jurisdiction of federal courts is limited to cases governed by federal law (federal-question jurisdiction under 28 USC § 1331), cases where the parties are completely diverse and the amount in controversy is greater than $75,000 (diversity jurisdiction under 28 USC § 1332(a)), or cases in which the United States is a party (28 USC §§ 1345 & 1346). Despite sincere attempts to liberally construe Stringham's claims, this court is unable to find its way to a mode of jurisdiction through the maze of documents Stringham has submitted. Federal Rule of Civil Procedure 12(h)(3) states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Therefore, this action must be dismissed.

### B. Pleading Requirements

In addition to the jurisdictional deficiencies set forth above, Stringham has not satisfied the federal pleading requirements. "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).

4 – FINDINGS AND RECOMMENDATIONS

Furthermore, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 USC § 1915(e)(2)(B)(ii). The purpose of these rules is to put defendants on notice of the pending action. *Skaff v. Meridien N.A. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007) (citing *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)).

Both Stringham's complaint and first amended complaint are a scrambled patchwork of aberrant documents and writings. *See supra* pp. 1–3. Nothing Stringham submitted allows the court to determine whether she has stated a valid legal claim. "A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal." *Ashton v. De Jana*, CV 15-88-M-DWM-JCL, 2015 WL 4730555, at *2 (D. Mont. Aug. 10, 2015) (citing *Jackson v. State of Ariz.*, 885 F.2d 639, 641 (9th Cir. 1989)).

Nor is there anything in Stringham's second attempt at drafting a complaint that gives this court confidence she can ultimately state a claim for relief. Leave to amend should be granted unless the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Here, Stringham was given the opportunity to amend her complaint, but did not submit anything that was more comprehensible than her first attempt. Because it is unlikely that she can cure the deficiencies in her complaint, this action should be dismissed with prejudice.

## RECOMMENDATION

Stringham has failed to invoke this court's limited jurisdiction under FRCP 12(h)(3) and has failed to state a claim on which relief may be granted under FRCP 8 and 28 USC § 1915(e)(2). Therefore, this action should be dismissed *sua sponte* with prejudice.

## SCHEDULING ORDER

5 – FINDINGS AND RECOMMENDATIONS

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due Tuesday, January 3, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 16th day of December 2016.

                                                                      /s/Youlee Yim You
_____
Youlee Yim You
United States Magistrate Judge

6 – FINDINGS AND RECOMMENDATIONS